

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EVELYN T MABILE, ET AL.                          CIVIL ACTION

VERSUS

CANAL INSURANCE COMPANY, ET AL.                  NO.09-403-JVP-DLD

## RULING ON MOTIONS

This matter is before the court on plaintiffs' motions to remand and for leave to file first supplemental and amending complaint for damages (rec. docs. 2 and 3). Both motions are opposed.

### *Background*

On June 5, 2009, plaintiffs filed suit in the 18th Judicial District Court seeking damages from an automobile accident that occurred or about June 7, 2008. Canal Insurance Company was named as a defendant in the suit as the liability insurer for the vehicle driven by defendant, Stephen J. Adamson, and Southern Farm Bureau Casualty Insurance Company was named as a defendant as plaintiffs' uninsured/underinsured motorist carrier ("UM carrier"). In the original petition, plaintiff alleged that the injuries and damages were "believed to be greater than the limits of liability of Canal Insurance Company. . . ." (rec. doc. 1-4, pg 5) Canal Insurance Company removed the case on June 26, 2009, based on diversity, and citing to this language in the removal petition.

On July 21, 2009, plaintiff filed the instant motion, seeking to substitute "Southern Farm Bureau Casualty Insurance Company" as a defendant with "Louisiana Farm Bureau Casualty Insurance Company," stating that Southern Farm Bureau was erroneously named in the original petition.  On July 29, 2009, Louisiana Farm Bureau filed its answer to the complaint in this court, stating that it was incorrectly named as Southern Farm Bureau, and admitting that it is a domestic insurance company authorized to do and doing business in the State of Louisiana. (Rec. doc. 5).  Defendants have objected to plaintiffs' amending their petition to substitute the proper party defendant, contending that Louisiana Farm Bureau is not an indispensable party as its obligation to plaintiffs only arises if Canal's policy limits are insufficient to satisfy plaintiffs' claims. Defendants also argue that plaintiffs "can include Louisiana Farm Bureau once/if a determination is made that the Canal policy will be exhausted." (rec. doc. 6)

The controlling issue presented for decision is whether plaintiffs should be granted leave to substitute the proper party as the uninsured/underinsured motorist carrier.  The presence of this defendant would destroy complete diversity.

## *Discussion*

A grant or denial of the motion to amend in this context is governed by the factors set forth by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).  *See Sharp v. Kmart Corp.*, 991 F.Supp. 519 (M.D. La. 1998).

Under *Hensgens* and following Fifth Circuit cases, the post-removal joinder of a non-diverse defendant clearly destroys diversity jurisdiction, even if the new

defendant is not indispensable. *See, e.g., Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 676-77 (5th Cir. 1999); 28 U.S.C. § 1447(e). As a consequence, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens,* 833 F.2d at 1182. The Fifth Circuit's *Cobb* decision confirms this Court's earlier holding that the considerations outlined in *Hensgens* continue to apply following later amendments to the removal statute. *See Cobb,* 186 F.3d at 677; *Sharp, supra.* Accordingly, under *Hensgens,* the district court must balance the defendants' interests in maintaining its statutorily-granted choice of the federal forum against the danger of generating parallel federal/state proceedings with the associated dangers of inconsistent results and waste of judicial resources. *Id.*[1] In striking this balance in a particular case, the court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In this regard, plaintiffs contend, first, that the purpose of their amendment is not to defeat jurisdiction as they would have sued the non-diverse defendant under

---

[1]There is another case currently pending in the Middle District of Louisiana, 09-404-RET-DLD, relating to the same accident; however, that case does not involve a UM carrier and does not state that damages may exceed the limits of the liability policy. Moreover, the plaintiff in the other suit pending in this court had a vehicle that was rear-ended by plaintiffs in this suit, not the defendants. There was also another case pending in the 18th Judicial District Court arising out of the same accident; however, that case was dismissed recently.

its proper name initially had they known the name at that time; and the defendant would not have been fraudulently joined once named because plaintiffs have viable claims against their UM carrier if their damages exceed Canal's policy limits. Second, plaintiffs contend that they have not been dilatory in seeking to amend as they moved expeditiously to correct the error and filed the motion for leave to amend their petition.

Defendants' arguments against granting plaintiffs leave to amend to substitute the proper party are without merit.  Under *Hensgen*, the new non-diverse defendant does not have to be an indispensable party. In contrast to *Hensgen*, defendants cite to *Ambrose v. Taylor*, 2003 WL 21241807 (E.D. La. May 23, 2003), for the proposition that removal is valid even when the UM carrier is non-diverse to a plaintiff. That case is distinguishable from the present case, however.  In *Ambrose*, the plaintiff did not state that the liability limits might be exceeded; the liability policy limits were known to be $1 million, and the UM limits were known to be only $10,000. The *Ambrose* court treated the UM carrier as a nominal party in that its policy was 1% of the liability policy limits, and thereafter allowed the removed case to stay in federal court.  In the instant case, plaintiffs have stated that the liability carrier's limits might be exceeded, which would trigger the addition of the UM carrier, and no one has set forth the limits for either policy.  Thus, this court cannot conclude, as the *Ambrose* court did, that the UM carrier is a nominal party.  Moreover, as the *Ambrose* court acknowledged, the Fifth Circuit has held that a nominal party is one

-4-

against which the plaintiff cannot establish a cause of action, and is thus neither necessary nor indispensable. *Ambrose*, at 2.  It is the defendants' burden to show that there is no reasonable basis to predict that plaintiffs could establish a claim against the UM carrier. *B., Inc. V. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981).  The court does not determine whether the plaintiff will or might prevail on a claim, but only considers the possibility that plaintiff might do so.  *Badon v. R J R Nabisco, Inc.,* 224 F.3d 382, 389 (5th Cir.2000).

In the circumstances particular to this case, the Court finds that the balancing of competing interests tilts in favor of granting plaintiffs leave to pursue the party that they initially sought to pursue in this action in state court.  This is not a case where a plaintiff sought to add a non-diverse party only after the defendant removed the case to federal court.  Rather, plaintiffs evidenced their intent to seek a judgment against the UM carrier from the outset of the litigation in state court.  But for plaintiffs not having the proper information regarding the identity of the UM carrier, plaintiffs would have sued the UM carrier by its proper name in the original petition.  In that event, this case never would have reached or stayed in federal court because, at the very least, the UM carrier undeniably could not be considered to be improperly joined.  Accordingly, the plaintiffs' efforts in this Court to *continue* to pursue the UM carrier does not reflect any more of an intent to defeat federal jurisdiction than is involved in any suit where a plaintiff brings a viable claim against a non-diverse defendant at the outset in state court.  The removing defendant's statutory right to

seek a federal forum holds less sway in a situation such as this one where, but for the plaintiffs erroneously naming the incorrect party, the case never would have been removable to federal court in the first instance.  And, in the circumstances presented in this case, plaintiffs should not be forced to forego their original decision to seek a judgment against both the liability carrier and the UM carrier.  The plaintiffs certainly acted well within their rights in seeking to secure an enforceable judgment against as many responsible parties as are potentially involved.

Finally, the fact that the UM carrier may not be an indispensable party (as opposed to a nominal party) does not necessitate a denial of leave to amend. *Hensgens* specifically holds that "the balancing of . . . competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hensgen,* at 1182.

The Court accordingly concludes that the balance of competing interests in this particular case weighs in favor of grant of leave to amend the complaint.

Accordingly, plaintiffs' motions for leave to file first supplemental and amending complaint for damages and for remand (rec. docs. 2 and 3) are hereby **GRANTED** and this matter shall be remanded to the Eighteenth Judicial District Court, Parish of West Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, October 23, 2009.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

-6-